UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| ANTHONY BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 17-12503-FDS |
| | ) | |
| SEAN MEDEIROS, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER ON MOTION TO REOPEN AND MOTION TO VOLUNTARILY DISMISS HABEAS PETITION WITHOUT PREJUDICE

**SAYLOR, J.**

On February 27, 2018, the Court issued an order directing petitioner to file a memorandum of law in support of his petition by April 26, 2018. Petitioner did not file a memorandum by that date, and instead moved that the petition be held in abeyance in light of his current defense counsel's efforts to secure the dismissal of certain habitual-offender indictments in Norfolk Superior Court. On May 1, 2018, the Court denied that motion, noting that the dismissal of those indictments were irrelevant to the issues raised in his habeas petition. That same day, the Court directed petitioner to file a memorandum in support of his petition by May 22, 2018. The Court warned that failure to file a memorandum by that date could result in dismissal of the petition. Petitioner failed to file a memorandum by May 22, and on May 30, 2018, the petition was dismissed for failure to prosecute.

On June 13, 2018, the Court received two documents from petitioner. The first, dated May 16, 2018, merely reiterates the argument petitioner made in his motion to hold his petition

in abeyance. The second, dated June 7, 2018, requests that the Court reopen this petition to determine whether his petition should be dismissed without prejudice.

Orders dismissing habeas petitions without prejudice are normally limited to situations where the petitioner failed to exhaust state remedies. *See Slack v. McDaniel*, 529 U.S. 473, 479 (2000). Here, the state court docket for the convictions underlying the present habeas petition appears to show that petitioner in fact exhausted his state remedies. The Appeals Court affirmed his conviction on October 5, 2017. *See Commonwealth v. Brown*, 92 Mass. App. Ct. 1107 (2017), 2017 WL 441377. The SJC denied his application for leave to obtain further appellate review on November 6, 2017. *See Commonwealth v. Brown*, 478 Mass. 1103 (2017). Accordingly, the May 30, 2018 order of dismissal for failure to prosecute was proper.

Nevertheless, because respondent did not file a timely opposition to petitioner's latest motions, and in light of petitioner's *pro se* status, the Court will grant petitioner an opportunity to show cause why the petition should be dismissed without prejudice. Petitioner shall have until August 3, 2018, to file a memorandum making such a showing. Failure to file a memorandum by that date will result in dismissal of the petition with prejudice.

Accordingly, the motion to reopen this matter is GRANTED to the extent set forth above. The motion to dismiss the petition without prejudice is DENIED as moot.

**So Ordered.**

Dated: June 29, 2018

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge