# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 17-12503-FDS |
| ) | |
| SEAN MEDEIROS, ) | |
| ) | |
| Respondent. ) | |

## ORDER AFFIRMING DISMISSAL OF PETITION AND DENIAL OF CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

On May 30, 2018, the Court dismissed petitioner's petition for failure to prosecute. The Court then received a motion dated June 7, 2018, requesting that the Court reopen the petition to determine whether it should be dismissed without prejudice.

On June 29, 2018, the Court granted petitioner an opportunity to show cause why his petition should be dismissed without prejudice. Petitioner has since filed such a memorandum. He appears to suggest that a change in Massachusetts substantive law rendered certain habitual-offender indictments void. *See* Docket No. 27, at 1 (citing *Commonwealth v. Garvey*, 477 Mass. 59 (2017)). As the Court has stated multiple times, that was irrelevant to the issues raised in the habeas petition.

However, even if *Garvey* were applicable, petitioner's request is a "second or successive habeas petition" requiring authorization from the Court of Appeals before filing. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005) (noting that a motion raising a "subsequent change in

substantive law" is a second petition).  Before a second habeas petition is filed, a petition must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Petitioner has not sought such an order from the First Circuit.  Accordingly, this Court is without jurisdiction to consider the merits of petitioner's argument, and the Court's prior orders dismissing the action and denying a certificate of appealability shall stand.

**So Ordered.**

Dated:  July 18, 2018

/s/  F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge